**Opinion issued January 10, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00779-CV

————————————

**RAYMOND JENNINGS, Appellant**

**V.**

**FAIRMONT PARK HOMES ASSOCIATION, INC., Appellee**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-36057**

---

## MEMORANDUM OPINION

Appellant, Raymond Jennings, attempted to appeal from the trial court's final summary judgment, signed on March 28, 2016, by filing a notice of restricted appeal on September 30, 2016. Appellee, Fairmont Park Homes Association, Inc.

("Fairmont"), filed a motion to dismiss for want of jurisdiction. We agree with Fairmont, grant the motion, and dismiss this appeal for want of jurisdiction.

Generally, a notice of appeal is due within thirty days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See id.* 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

To qualify for a restricted appeal, an appellant must establish that: (1) he filed the notice of restricted appeal within six months after the judgment or order appealed from was signed; (2) he was a party to the underlying suit; (3) he did not timely file a post-judgment motion or request for findings of fact and conclusions of law, or notice of appeal; (4) he did not participate, either in person or through

2

counsel, in the hearing that resulted in the judgment complained of; and (5) the trial court erred and the error is apparent from the face of the record. *See Bassie v. Citibank (S. Dakota) N.A.*, No. 01-05-00943-CV, 2006 WL 181514, at *1 (Tex. App.—Houston [1st Dist.] Jan. 26, 2006, no pet.) (per curiam) (mem. op.) (citing, *inter alia*, TEX. R. APP. P. 30, 26.1(c)).

On October 17, 2016, Fairmont filed this motion to dismiss for want of jurisdiction, contending that Jennings only failed to comply with the first requirement because his September 30, 2016 notice of restricted appeal was not filed within six months after the March 28, 2016 final judgment. Fairmont further asserts that, though the notice of appeal was filed within the fifteen-day extension period, no extension request was timely filed by Jennings. More than ten days has passed without a response filed by Jennings. *See* TEX. R. APP. P. 10.3(a).

Here, the trial clerk's letter of assignment indicates that Jennings did not file a motion for new trial, and Jennings's notice of restricted appeal, filed by his counsel, contains the statements required by Rule 25.1, which appear to comply with the second, third, and fourth requirements for a restricted appeal. *See* TEX. R. APP. P. 25.1(d)(7); *Bassie*, 2006 WL 181514, at *1. Assuming arguendo that the fifth requirement for a restricted appeal is met, Jennings's notice of restricted appeal was due within six months of the March 28, 2016 final judgment, or by September 28, 2016. *See* TEX. R. APP. P. 26.1(c), 30. While Jennings's notice of

restricted appeal, filed on September 30, 2016, is late, it was filed within fifteen days of the due date for the notice of restricted appeal.

Although Jennings did not file a motion for extension of time to file his notice of appeal in this Court, such a motion is necessarily implied here because his notice of appeal was filed within the fifteen-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1(c), 26.3; *Verburgt*, 959 S.W.2d at 617–18; *see, e.g.*, *Rasolovoahangy v. Aldine Indep. Sch. Dist.*, No. 14-10-00762-CV, 2010 WL 4923287, at *1 (Tex. App.—Houston [14th Dist.] Dec. 2, 2010, no pet.) (per curiam) (mem. op.) (applying implied extension of time under *Verburgt* to notice of restricted appeal filed within 15-day extension period, but dismissing appeal for want of jurisdiction after appellant failed to respond to notice of intent to dismiss for want of jurisdiction). While an extension may be implied, Jennings must, however, still offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Hone v. Hanafin*, 104 S.W.3d 884, 886–87 (Tex. 2003); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1, 26.1.

On October 25, 2016, the Clerk of this Court notified Jennings that this appeal was subject to dismissal for want of jurisdiction unless he timely responded to this notice and the motion and showed how this Court had jurisdiction. *See* TEX.

4

R. APP. P. 42.3(a), (c). Jennings failed to file a timely response to the notice. Thus, we must dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see also Rasolovoahangy*, 2010 WL 4923287, at *1.

Accordingly, we grant Fairmont's motion and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Lloyd.