**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION**

Appellate case name:  APMD Holdings, Inc., APMD, Inc. CJT Financial, Inc., CJT Mining, Inc., Gregory Mayfield, and Newell Fred Anderson v. Praesidium Medical Professional Liability Insurance Company and Praesidium Alliance Group, LLC

Appellate case number:  01-16-00897-CV

Trial court case number:  2012-21802

Trial court:  113th District Court of Harris County

The Court has reviewed the "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond" (hereinafter, "Statements"), filed by counsel for appellants, Gregory Mayfield and Newell Fred Anderson, on December 29 and 30, 2016, respectively. *See* TEX. R. APP. P. 20.1(c). While these Statements comply with the December 27, 2016 notice from the Clerk of this Court, and this Court may decide the motions to proceed without payment of costs based on the records or refer them to the trial court, they will not be forwarded to the trial court clerk. *See id.* 20.1(b)(3)(B); *see also* TEX. R. CIV. P. 145(b), (d).

The reporter's record was filed in this Court on November 15, 2016, the appellate filing fee was already paid for by appellants' counsel on December 7, 2016, and the clerk's record and supplemental clerk's record were just filed in this Court on January 9, 2017, and both were paid for by appellants' counsel. Accordingly, because only one filing fee is required for this appeal and it was already paid for, and because appellants are represented by counsel who paid for filing the completed records, the Court construes the Statements as motions to proceed without payment of costs, but **DISMISSES AS MOOT** appellants' motions. *See* TEX. R. APP. P. 5, 20.1(b)(3)(B), (c).

However, after a preliminary review of the notice of appeal, this Court may dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). It appears that appellants' notice of appeal, filed on November 9, 2016, from the trial court's August 8, 2016 final judgment, is untimely. Generally, a notice of appeal is due within 30 days after the final judgment is signed, but the deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if, within 30 days after the judgment is signed, any party timely files a post-judgment motion. *See id.* 26.1(a); TEX. R. CIV. P. 329b(a), (g).

Here, the trial clerk's letter of assignment indicates that appellants timely filed a motion for new trial on September 2, 2016, which extended the deadline to file a notice of appeal 90 days after the August 8, 2016 final judgment, or by November 7, 2016. *See* TEX. R. APP. P. 4.1(a), 26.1(a)(1). Appellants' notice of appeal, filed on November 9, 2016, was untimely, but within the 15-day grace period. Although appellants did not file a motion for extension of time to file their notice of appeal in this Court, such a motion is necessarily implied when appellants, acting in good faith, file a notice of appeal beyond the time allowed by Rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1(c), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). While an extension may be implied, appellants must, however, still offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Hone v. Hanafin*, 104 S.W.3d 884, 886-87 (Tex. 2003); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1, 26.1.

Accordingly, unless the appellants, **within 10 days of the date of this Order**, file a motion for extension of time and provide a reasonable explanation for untimely filing the notice of appeal, **this Court may dismiss this appeal for want of jurisdiction without further notice**. *See* TEX. R. APP. P. 42.3(a), (c).

It is so ORDERED.

Judge's signature: /s/ <u>Evelyn V. Keyes</u>

☒ Acting individually

Date: <u>January 19, 2017</u>