COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        In the matter of T. S.

Appellate case number:      01-17-00825-CV

Trial court case number:    JV21772

Trial court:                County Court at Law No. 2 of Brazoria County

Appellant, T. S., a juvenile, filed a notice of appeal through counsel, Christopher F. Gisentaner, on October 27, 2017, from the juvenile certification judgment signed on September 26, 2017. *See* TEX. FAM. CODE ANN. §§ 54.02(a), 56.01(c)(1)(A) (West 2016). Although the appellate records were due by November 6, 2017, no records have been filed in this Court. In response to this Court's November 8, 2017 order to file the reporter's record, the court reporter, Sarah C. Caldwell, filed an information sheet on November 13, 2017. This information sheet noted that the reporter's record had not been filed because it had neither been requested nor paid for, that appellant was not appealing as indigent, and the reporter also noted that she was "informed by Mr. Gisentaner that they were withdrawing their notice of appeal." To date, neither a motion to dismiss nor a clerk's record indicating whether appellant is indigent has been filed.

Appeals in juvenile certification cases are to be brought to final disposition within **180 days** of the date the notice of appeal is filed, so far as reasonably possible. *See* Order Accelerating Juvenile Certification Appeals and Requiring Juvenile Courts to Give Notice of the Right to an Immediate appeal, Misc. Docket No. 15-9156 (Tex. Aug. 28, 2015). The notice of appeal in this case was filed on October 27, 2017, from the juvenile certification judgment signed on September 26, 2017, setting the 180-day compliance deadline for April 25, 2018. *See id.* at 3(a).

Although the notice of appeal was untimely filed on October 27, 2017, more than 20 days after the September 26, 2017 judgment, it was filed within the fifteen-day grace period ending on October 31, 2017. *See* TEX. R. APP. P. 26.1(b), 26.3(a). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day

extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). However, appellant must still offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Hone v. Hanafin*, 104 S.W.3d 884, 886-87 (Tex. 2003); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Accordingly, the Court **orders Christopher F. Gisentaner**, counsel for appellant, T.S., to file a motion to dismiss, if appellant seeks to withdraw this appeal, **within 10 days of the date of this order**. If appellant does not want to withdraw this appeal, the Court **orders Christopher F. Gisentaner** to file a motion for extension of time to file the notice of appeal, providing a reasonable explanation for failing to file the notice of appeal in a timely manner, and including whether counsel was appointed or retained. Appellant's motion for extension of time must be filed **within 10 days of the date of this order** or else this appeal may be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c).

It is so ORDERED.

Judge's signature:   /s/ Laura C. Higley
                     Acting individually

Date: November 28, 2017