**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION**

Appellate case name:      Arthur P. Holding v. Blackburne & Brown

Appellate case number:    01-17-00962-CV

Trial court case number:  2016-12403

Trial court:              11th District Court of Harris County

On December 14, 2017, appellant, Arthur P. Holding, filed a notice of appeal in the trial court from the trial court's November 16, 2017 order denying his motion for new trial and the August 24, 2017 agreed final judgment in this mortgage loan case. On January 18, 2018, appellant filed a motion to abate, claiming that abatement is necessary because, among other things, appellant's post-judgment motion to pay into the court registry is set for a hearing in the trial court on February 13, 2018, and appellee has been given until March 5, 2018, to file a response to appellant's administrative proceedings with the relevant consumer financial/real estate agencies. Appellant's motion includes a certificate of conference stating that he is unaware whether appellee opposes this motion. More than ten days has passed and appellee has not filed a response to this motion. *See* TEX. R. APP. P. 10.3(a).

However, after a review of the district clerk's letter of assignment, filed in this Court on January 2, 2018, appellant is notified that this Court may dismiss this appeal for want of jurisdiction as untimely. *See* TEX. R. APP. P. 42.3(a). Generally, a notice of appeal is due within thirty days after the final judgment is signed, but the deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a post-judgment motion. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 329b(a), (g). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period under Rule 26.3. *See* TEX. R. APP. P. 26.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). Even with an implied extension, the appellant must, however, offer a reasonable explanation, in this Court, for failing to timely file the notice. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Hone v. Hanafin*, 104

S.W.3d 884, 886-87 (Tex. 2003); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Here, the letter of assignment indicates that appellant timely filed a motion for new trial on September 25, 2017, within thirty days of the August 24, 2017 judgment. *See* TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 4.1(a). Although appellant's notice of appeal claims to be appealing from both the judgment and the order denying the motion for new trial, signed on November 16, 2017, "[a]n order denying a motion for new trial is not independently appealable." *Fletcher v. Ahrabi*, No. 01-12-00794-CV, 2012 WL 6082915, at *1 (Tex. App.—Houston [1st Dist.] Dec. 6, 2012, no pet.) (per curiam) (mem. op.) (citation omitted). "Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Thus, the deadline to file the notice of appeal did not run from the date of the order denying the motion for new trial, but from the date the trial court signed the judgment on August 24, 2017. *See Mulhall v. Anderson*, No. 01-16-00067-CV, 2016 WL 6087691, at *1 (Tex. App.—Houston [1st Dist.] Oct. 18, 2016, no pet.) (per curiam) (mem. op.) (citations omitted). Appellant's motion for new trial only extended his deadline for filing the notice of appeal for ninety days after the August 24, 2017 judgment was signed, or November 22, 2017, and even with the 15-day grace period, the deadline was December 7, 2017. *See* TEX. R. APP. P. 26.1(a)(1), 26.3.

Because appellant's notice of appeal was filed in the trial court on December 14, 2017, a week after the December 7, 2017 deadline, it is untimely. *See* TEX. R. APP. P. 26.1(a)(1), 26.3. Appellant did not file a motion for an extension of time to file his notice of appeal and one cannot be implied because he filed the notice of appeal beyond the fifteen-day grace period. *See Mulhall*, 2016 WL 6087691, at *1 (citations omitted). Without a timely filed notice of appeal within the 15-day grace period, no extension can be implied because this Court would lack jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1, 26.1, 26.3(b); *Verburgt*, 959 S.W.2d at 617–18.

Accordingly, the Court **DENIES** appellant's motion to abate and **ORDERS** appellant to file a response, providing a detailed explanation, citing relevant portions of the record, statutes, rules, or case law, to show how this Court has jurisdiction over this appeal. Any response must be filed with the Clerk of this Court **within 10 days of the date of this Order** or this appeal **may be dismissed for want of jurisdiction without further notice**. *See* TEX. R. APP. P. 42.3(a), (c).

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley

             ☑ Acting individually     ☐ Acting for the Court

Date: January 30, 2018