

**COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:     Eduardo Nonoalsi Bravo v. Parkhollow Place Property
Owners Association

Appellate case number:   01-18-01011-CV

Trial court case number:  2017-51356

Trial court:             55th District Court of Harris County

This Court's April 11, 2019 Memo Opinion and Judgment dismissed this pro se appeal for want of prosecution because appellant had failed to timely pay the clerk's record fee. *See* TEX. R. APP. P. 37.3(b). On April 17, 2019, appellant filed a pro se motion for rehearing in this Court contending that he had timely paid for the clerk's record fee and he attached a receipt from the district clerk showing that he had paid that fee on March 18, 2019, which was the Clerk of this Court's deadline. Later on April 17, 2019, the district clerk filed the clerk's record in this Court. This Court's April 23, 2019 Order then directed the district clerk to mail the clerk's record to the pro se appellant, because there was no reporter's record taken, and requested a response from appellee to the motion for rehearing. *See* TEX. R. APP. P. 49.2. On April 29, 2019, appellee timely filed a response.

Accordingly, because appellant had timely paid for the clerk's record fee on March 18, 2019, but the district clerk did not file the clerk's record until April 17, 2019, the Court **grants** appellant's motion for rehearing, **withdraws** the Memo Opinion and Judgment of April 11, 2019, and **reinstates** this appeal on the active docket. *Cf.* TEX. R. APP. P. 37.3(b).

However, after a review of appellee's response, the district clerk's letter of assignment, filed in this Court on November 9, 2018, and the clerk's record, filed on April 17, 2019, appellant is notified that this Court **may dismiss this appeal for want of jurisdiction as untimely**. *See* TEX. R. APP. P. 42.3(a), (c). Generally, a notice of appeal is due within thirty days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a post-judgment motion. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 296, 329b(a), (g). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension

period under Rule 26.3. *See* TEX. R. APP. P. 26.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). Even with an implied extension, the appellant must, however, offer a reasonable explanation for failing to timely file the notice. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Hone v. Hanafin*, 104 S.W.3d 884, 886-87 (Tex. 2003); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Here, appellant's notice of appeal was untimely filed on September 25, 2018, more than 30 days after the trial court's August 14, 2018 final judgment, and no motion for new trial was filed. *See* TEX. R. APP. P. 26.1. Although a motion for extension of time to file the notice of appeal was necessarily implied because appellant's September 25, 2018 notice of appeal was filed within the 15-day extension period ending on September 28, 2018, appellant must still offer a reasonable explanation for failing to timely file the notice of appeal. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3(b); *Hone*, 104 S.W.3d at 886-87; *Verburgt*, 959 S.W.2d at 617–18. A "reasonable explanation" is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone*, 104 S.W.3d at 886 (internal quotation marks and citation omitted).

Accordingly, appellant is warned that unless you respond in writing, **within 10 days of the date of this order**, by filing a motion for extension of time to file the notice of appeal including a reasonable explanation for untimely filing the notice of appeal, this Court **may dismiss your appeal for want of jurisdiction without further notice**. *See* TEX. R. APP. P. 10.3(a), 42.3(a), (c). If appellant timely files a compliant motion, the Court will set the appellant's briefing schedule. *See* TEX. R. APP. P. 38.6(a).

It is so ORDERED.

Judge's signature: ____/s/ Laura C. Higley_____
                   x  Acting for the Court

Panel consists of: Justices Keyes, Higley, and Landau.

Date: __May 14, 2019_