COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:        JAC Hospitality, LLC, John Ly, Catherine Ly, and Jason Ly
                            v. Vintage Dunhill LLC

Appellate case number:      01-19-00393-CV

Trial court case number:    2016-77844

Trial court:                295th District Court of Harris County

On May 20, 2019, appellants, JAC Hospitality, LLC, John Ly, Catherine Ly, and Jason Ly, filed a notice of appeal from the trial court's February 4, 2019 final judgment, after timely filing a motion for new trial. *See* TEX. R. APP. P. 26.1(a)(1). On June 20, 2019, appellee, Vintage Dunhill LLC, filed a motion to dismiss appeal for lack of jurisdiction contending that the notice of appeal was untimely filed.

After a review of the motion to dismiss and the district clerk's letter of assignment, filed in this Court on May 23, 2019, appellants are notified that this Court **may dismiss this appeal for want of jurisdiction as untimely**. *See* TEX. R. APP. P. 42.3(a), (c). Generally, a notice of appeal is due within thirty days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a post-judgment motion. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 296, 329b(a), (g). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period under Rule 26.3. *See* TEX. R. APP. P. 26.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). Even with an implied extension, the appellant must, however, offer a reasonable explanation for failing to timely file the notice. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Hone v. Hanafin*, 104 S.W.3d 884, 886-87 (Tex. 2003); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Here, because appellants timely filed a motion for new trial, that extended their deadline to file a notice of appeal 90 days after the trial court's February 4, 2019 final judgment, which was Sunday, May 5, 2019, or by May 6, 2019. *See* TEX. R. APP. P. 4.1(a), 26.1(a)(1). Thus, appellants' notice of appeal was untimely filed on May 20, 2019, more

than 90 days after the trial court's final judgment. *See* TEX. R. APP. P. 26.1(a)(1). Although a motion for extension of time to file the notice of appeal was necessarily implied because appellant's May 20, 2019 notice of appeal was filed within the 15-day extension period ending on May 20, 2019, appellants must still offer a reasonable explanation for failing to timely file the notice of appeal. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3(b); *Hone*, 104 S.W.3d at 886-87; *Verburgt*, 959 S.W.2d at 617–18. A "reasonable explanation" is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone*, 104 S.W.3d at 886 (internal quotation marks and citation omitted).

Accordingly, appellants are warned that unless you respond in writing to appellee's motion and this Order, **within 10 days of the date of this Order**, by filing a motion for extension of time to file the notice of appeal including a reasonable explanation for untimely filing the notice of appeal, this Court **may grant the appellee's motion and dismiss your appeal for want of jurisdiction without further notice**. *See* TEX. R. APP. P. 10.3(a), 42.3(a), (c).

It is so ORDERED.
Judge's signature: _____/s/ Evelyn V. Keyes___
                        x  Acting for the Court
Date:  ___July 2, 2019____