COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| | § | No. 08-19-00233-CV |
| IN THE INTEREST OF | § | |
| | | Appeal from the |
| E.O., | § | |
| | | 65th District Court |
| A CHILD. | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC# 2018DCM1157) |
| | § | |

## OPINION ON MOTION TO RECONSIDER

Appellant G.O. (Father) seeks a reconsideration of a dismissal of the instant appeal from the trial court's judgment terminating his parental rights in cause number 2018DCM1157, 65th District Court, El Paso County. On September 25, 2019, we dismissed Father's appeal for want of jurisdiction on our own motion based on our determination that his notice of appeal was not timely filed even after giving due consideration to his contemporaneously filed motion to extend time.[1] Father then filed with this Court a motion to reconsider dismissal of the appeal. With his

---

[1] On September 11, 2019, Father filed his Notice of Appeal in the trial court in the case captioned "In the Interest of E.O., Child," Cause No. 2018DCM1157, 65th District Court, El Paso County. The next day, September 12, 2019, Father filed in this Court his motion to extend time to file notice of appeal and a copy of his file-stamped notice of appeal filed in the trial court. In this Court, Father's appeal was assigned Cause No. 08-19-00233-CV.

motion, Father included a file-stamped copy of a timely notice of appeal filed by H.A. (Mother), who was also a party with Father in the termination proceeding.[2] Having now concluded that Father's notice of appeal was timely filed within the extended time period—after taking into account Mother's earlier filed notice—we grant Father's motion to reconsider the dismissal of his appeal and withdraw our opinion and judgment dated September 25, 2019. Because we have now determined that both appeals in cause numbers 08-19-00233-CV and 08-19-00261-CV arise out of the same trial court cause number (No. 2018DCM1157), we consolidate both parties' appeals into cause number 08-19-00261-CV, on our own motion, given that the notice of appeal in that cause number was filed earlier, on August 14, 2019, and a clerk's record and reporter's record has already been filed in said cause. Accordingly, Father's notice of appeal filed on September 11, 2019 in cause number 08-19-00233-CV shall now be filed and ruled on in cause number 08-19-00261-CV, and cause number 08-19-00233-CV is ordered dismissed due to consolidation.

## BACKGROUND

The trial court signed a final judgment terminating the parental rights of G.O. (Father) and H.A. (Mother) on July 26, 2019. On August 14, 2019, Mother filed her notice of appeal from the trial court's judgment. On September 11, 2019, Father filed his own notice of appeal with the trial court. The following day, September 12, 2019, Father then filed a motion to extend time to file a notice of appeal with this Court. On September 25, 2019, we dismissed Father's attempted appeal for lack of jurisdiction after concluding that the appellate timetable for filing a notice of appeal had ended on September 2, 2019. *Interest of E.O.*, No. 08-19-00233-CV, 2019 WL 4668524 (Tex. App. – El Paso Sep. 25, 2019, no pet. h.) (mem. op.).

---

[2] On August 14, 2019, Mother filed her Notice of Appeal in the case captioned "In the Interest of E.O., a Child," Cause No. 2018DCM1157, 65th District Court, El Paso County. Mother's notice was not received by this Court until October 16, 2019, due to an undetermined glitch that occurred when it was electronically transmitted from the trial court to this Court. Mother's appeal was assigned Cause No. 08-19-00261-CV.

On October 1, 2019, Father filed a motion to reconsider the dismissal of his appeal and attached a copy of Mother's file-stamped notice of appeal. Father argued that Mother's timely filed notice had conferred jurisdiction over all parties; and thus, his later filed notice would not delay or extend the appeal of the case. Per our request, on October 29, 2019, Appellee Texas Department of Family and Protective Services (the Department) filed a response to Father's motion to reconsider dismissal. Although the Department acknowledged that Mother had timely filed her appeal, it argued that Father's notice was not timely filed pursuant to the applicable rules of the Texas Rules of Appellate Procedure.

## DISCUSSION

We now consider whether Mother's timely filed notice extended the appellate deadline applied to Father's appeal.

### *Standard of Review*

Appellate courts are instructed to construe the Rules of Appellate Procedure "reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). "[A]ppellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Id.* at 616. Explaining its rationale, *Verburgt* noted, "[o]ur decisions reflect the policy embodied in our appellate rules that disfavors disposing of appeals based upon harmless procedural defects." *Id*. (citing *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991)).

### **Applicable Law**

Pursuant to the Texas Family Code, an appeal of a final order in a suit brought by the Department to terminate parental rights is governed by the Rules of Appellate Procedure applicable to accelerated appeals. *See* TEX. FAM. CODE ANN. § 263.405(a). Unless otherwise provided by statute, Rule 28.1(b) provides that an accelerated appeal is perfected by filing a notice of appeal in compliance with Rule 25.1 within the time allowed by Rule 26.1(b) or as extended by Rule 26.3. TEX. R. APP. P. 28.1(b). Pursuant to Rule 25.1(a), an appeal is perfected in a civil case when a written notice of appeal is filed with the trial court clerk. *See* TEX. R. APP. P. 25.1(a). Rule 25.1(b) further specifies that the filing of a notice of appeal *by any party* invokes the appellate court's jurisdiction *over all parties* to the trial court's judgment or order that is being appealed from. *See* TEX. R. APP. P. 25.1(b) (emphasis added). Except for just cause, however, appellate courts are prohibited from granting more favorable relief—that is, more favorable than that granted by the trial court—to a party who does not file a notice of appeal. *See* TEX. R. APP. P. 25.1(c). Thus, any other party seeking to alter the trial court's judgment or other appealable order must also file a notice of appeal even when jurisdiction has already been invoked. *See* TEX. R. APP. P. 25.1(c).

As referenced by Rule 28.1(b), Rule 26.1(b) provides that the notice of appeal in an accelerated appeal must be filed within 20 days after the judgment or order is signed. TEX. R. APP. P. 26.1(b). If *any party* timely files a notice of appeal, Rule 26.1(d) permits *another party* to file a notice of appeal within the applicable period or 14 days after the first filed notice of appeal, whichever is later. *See* TEX. R. APP. P. 26.1(d) (emphasis added). Also referenced by Rule 28.1(b), Rule 26.3 permits an appellate court to extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b). *See* TEX. R. APP. P. 26.3, 10.5(b). Rule 10.5(b) establishes the form and content requirements of a motion to

extend time. *See* TEX. R. APP. P. 10.5(b). The inquiry then becomes whether the party filing the notice of appeal within the 15-day grace period furnished a reasonable explanation for the untimely filing. TEX. R. APP. P. 10.5(b)(1)(C). Pursuant to the well-recognized holding in *Verburgt v. Dorner*, any conduct short of deliberate or intentional noncompliance qualifies as a reasonable explanation. *Hone v. Hanafin,* 104 S.W.3d 884, 886–87 (Tex.2003) (per curiam) (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997)).

*Analysis*

Here, on August 14, 2019, Mother filed a notice of appeal as a party seeking to alter the trial court's judgment or other appealable order in Cause No. 2018DCM1157 of the 65th District Court of El Paso County. By her notice, Mother indicated that the trial court's termination order was signed on July 26, 2019. Based on the date of the termination order, the initial notice of appeal of any party was due on August 15, 2019, or 20 days after the order was signed. *See* TEX. R. APP. P. 25.1(b), 26.1(b), and 28.1(b); TEX. FAM. CODE ANN. § 263.405(a). Because Mother's appeal was perfected in compliance with Rule 25.1(b), the filing of her notice invoked this Court's jurisdiction over all parties to the trial court's judgment or order appealed from. *See* TEX. R. APP. P. 25.1(b), 28.1(b).

Given Mother's timely filed notice of appeal, other parties were thereafter permitted to file a notice of appeal within the 20-day period applicable for accelerated appeals or 14 days after the first filed notice of appeal, whichever is later. *See* TEX. R. APP. P. 26.1(d) ("if any party timely files a notice of appeal, another party may file a notice of appeal within the applicable period stated above or 14 days after the first filed notice of appeal, whichever is later"). Filing as a subsequent party, Father's notice of appeal was due on August 28, 2019 (the later of the applicable 20-day

5

period under Rule 26.1(b) as compared with 14 days after the filing of Mother's notice of appeal). *See* TEX. R. APP. P. 26.1(d).

Rule 26.3 also permits this Court to further extend Father's deadline to September 12, 2019, or 15 days after the deadline for filing his notice. *See* TEX. R. APP. P. 26.3. In *In re K.A.F.*, 160 S.W.3d 923, 926 (Tex. 2005), the Texas Supreme Court explained how Rule 26.3's 15-day extension should be applied by courts after it examined rule changes enacted in 1997. The Supreme Court observed that "the key changes with regard to the deadline for perfecting appeals were: (1) all deadlines for perfecting appeals in civil cases were moved to a single rule (rule 26); (2) an extension of time was made available for *all appeals on proper motion to the court of appeals*, *see* TEX. R. APP. P. 26.3[.]" *Id*. (emphasis added). Additionally, *In re K.A.F*. also noted that comments included with former Rule 41, which is now Rule 26.3, provide that "[a]n extension of time is available for *all appeals*." *Id*. (emphasis added). Because Father filed his notice of appeal in the trial court on September 11, 2019—and he filed his motion for extension of time in this Court on September 12, 2019, which met both required conditions—we are permitted to extend Father's time to file his notice to September 12, 2019. Accordingly, we conclude that Father's notice was timely filed on September 11, 2019. *See* TEX. R. APP. P. 26.1(d), 26.3, 10.5(b); *In re K.A.F*., 160 S.W.3d at 926.

In its response, the Department makes a series of concessions about procedural requirements before it calculates Father's alleged timetable. First, the Department concedes that Mother timely filed her notice pursuant to Rule 26.1(b)'s timeline for accelerated cases. Second, the Department also concedes that Mother's earlier notice alters the timetable imposed on Father's later notice given that both are parties to the trial court's order. In short, pursuant to Rule 26.1(d), the Department does not dispute that Father's notice of appeal was due on August 28, 2019, which

6

is the later date calculated when comparing 20 days after the signing of the order (August 15, 2019) with 14 days after Mother's notice (August 28, 2019). *See* TEX. R. APP. P. 26.1(d). Third, the Department further concedes that we may grant a 15-day extension to Father for filing his notice of appeal pursuant to Rule 26.3. *See* TEX. R. APP. P. 26.3.

Nonetheless, despite these concessions, the Department argues that Father's notice of appeal was due 35 days after the date of the trial court's order, or September 2, 2019. Ignoring Rule 26.1(d)'s later-date provision, the Department calculates 20 days from the date of the trial court's order and then extends this deadline by 15 days. In other words, even though the Department concedes that Rule 26.1(d) applies, it treats Father's notice *not* as one filed by a subsequent party, but as one filed by the initial party pursuant to Rule 26.1(b). Relying on *Shea v. Rollins*, No. 01-19-00347-CV, 2019 WL 4865191, at *2 (Tex. App.—Houston [1st Dist.] Oct. 3, 2019, no pet. h.) (mem. op.), which is a non-termination case, the Department asserts that Father failed to timely file his notice pursuant to Rule 26.1(d) and Rule 26.3. *Shea*, however, does not support the Department's method of calculating from the date of the trial court's order when applying an extended timetable pursuant to Rule 26.1(d) and Rule 26.3.

In *Shea*, the Houston Court of Appeals first calculated the filing deadline of the initial notice of appeal as April 30, 2019. *Id.* (citing TEX. R. APP. P. 26.1(a)(1)) ("Rollins's motion for new trial extended the deadline for filing a notice of appeal to 90 days from the signing of the January 30, 2019 order"). Because the first filing party filed on April 30, 2019, or the same day as the deadline, the Houston Court next calculated the subsequent party's notice-filing deadline as May 15, 2019, thereby extending the deadline to Rule 26.1(d)'s later period. *Id.* Despite the applicability of the later date, however, *Shea's* subsequent party failed to file notice until July 3, 2019. *Id.* The Houston Court described this filing as amounting to "49 days after this extended

7

deadline and outside of the 15-day time period in which [courts] imply an extension request under Rule 26.3." *Id.*

At least two of our sister Courts of Appeal have thus far reasoned that the 14-day timetable for filing a notice of appeal under Rule 26.1(d) applies to accelerated appeals from judgments entered in parental-termination cases. *See In Interest of S.D.*, No. 07-16-00085-CV, 2016 WL 4082562, at *1, 3 (Tex. App. – Amarillo July 29, 2016, pet. denied) (mem. op.) ("Because [mother] timely filed her notice of appeal on February 24, 2016, [father's] notice of appeal was due on March 9, 2016 (the later of the applicable period under Rule 26.1(b) or fourteen days after [mother's] notice of appeal). *See* TEX. R. APP. P. 26.1(d). This deadline could have been further extended to March 24, 2016 (fifteen days after the deadline for filing the notice of appeal). *See* TEX. R. APP. P. 26.3[.]"); *In re T.B.*, No. 02-10-00218-CV, 2010 WL 4924966, at *1 (Tex. App. – Fort Worth Dec. 2, 2010, no pet.) (mem. op.) (the court in a termination case applied both the 14-day period for filing a notice of appeal where another party timely filed a notice of appeal and applied the 15-day extension under Rule 26.3 on top of the 14-day period). Because we agree that Rule 26.1(d) and Rule 26.3 apply to extend Father's notice to September 12, 2019, we conclude that Father's notice was timely filed within the extended timetable, and thus, his motion for reconsideration is hereby granted. *See Verburgt*, 959 S.W.2d at 616.

Because we have now determined on our own motion that both Father's and Mother's appeals in cause numbers 08-19-00233-CV and 08-19-00261-CV, respectively, arise out of the same trial court cause number (No. 2018DCM1157), we now consolidate both parties' appeals into cause number 08-19-00261-CV, based on the earlier filing date of the notice of appeal and the fact that a clerk's record and reporter's record has already been filed in said cause. Accordingly, Father's notice of appeal filed on September 11, 2019 in cause number 08-19-00233-CV shall now

8

be filed and ruled on in cause number 08-19-00261-CV, and cause number 08-19-00233-CV is ordered dismissed due to consolidation.

## CONCLUSION

We grant Father's motion for reconsideration, withdraw our opinion and judgment dated September 25, 2019, and consolidate cause number 08-19-00233-CV into cause number 08-19-00261-CV. Father's notice of appeal filed on September 11, 2019 in cause number 08-19-00233-CV shall now be filed and ruled on in cause number 08-19-00261-CV. Cause number 08-19-00233-CV is ordered dismissed due to consolidation. The Court's mandate will issue immediately.


GINA M. PALAFOX, Justice

November 18, 2019

Before Rodriguez, J., Palafox, J., and Barajas, C.J. (Senior Judge)
Barajas, C.J. (Senior Judge), sitting by assignment
Rodriguez, J., dissenting

9