

ACCEPTED
14-14-00892-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/1/2015 4:53:39 PM
CHRISTOPHER PRINE
CLERK

**THOMAS C. WRIGHT**
wright@wrightclose.com

Board Certified
Civil Trial Law and Civil Appellate Law
Texas Board of Legal Specialization

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/1/2015 4:53:39 PM
CHRISTOPHER A. PRINE
Clerk

September 1, 2015

14th Court of Appeals                                    ***Via Electronic Submission***
Christopher A. Prine, Clerk
301 Fannin, Suite 245
Houston, Texas 77002

Re:     *The Branch Law Firm L.L.P. and Turner W. Branch v. W. Shane Osborn*
        Cause No. 14-14-00892-CV

Dear Mr. Prine:

During today's oral argument, counsel for Appellee Shane Osborn argued that the twenty-day deadline to file a notice of accelerated appeal is steadfast, and that extensions do not apply. However, the Texas Supreme Court disagrees. In *Hone v. Hanafin*, 104 S.W.3d 884 (Tex. 2003), attached hereto, the Texas Supreme Court applied TRAP 26.3 to an interlocutory, accelerated appeal. The court noted that because the petitioners in that case filed their notice of accelerated appeal after the twenty-day deadline, but within TRAP 26.3's fifteen-day window for extension, the court of appeals could have considered the petitioners' notice of appeal as an implied motion for extension of time to file the notice. *Id*. at 886. Though the Branch Parties do not believe it is necessary for the Court to imply a motion for extension in this case, I wanted to bring *Hone v. Hanafin* to the panel's attention.

Very truly yours,

*/s/Thomas C. Wright*

Thomas C. Wright

TCW/trs

**WRIGHT & CLOSE, LLP**
ONE RIVERWAY, SUITE 2200, HOUSTON, TEXAS 77056 • TEL: 713.572.4321 • FAX: 713.572.4320

Mr. Christopher Prine
September 1, 2015
Page 2

*cc via electronic submission:*

Christopher A. Grimm
O'CONOR, MASON & BONE, P.C.
1616 S. Voss, Suite 200
Houston, Texas 77057
cgrimm@ombtxlaw.com

Corey J. Seel
MEHAFFY WEBER, P.C.
One Allen Center
500 Dallas, Suite 1200
Houston, Texas 77002
coreyseel@mehaffyweber.com

Ernest W. Boyd
BUTCH BOYD LAW FIRM
2905 Sackett Street
Houston, Texas 77098
butchboyd@butchboydlawfirm.com

Ronald G. Franklin
Tamara Stiner Toomer
MCGUIRE WOODS LLP
600 Travis Street, Suite 7500
Houston, Texas 77002
rfranklin@mcguirewoods.com
tstinertoomer@mcguirewoods.com

104 S.W.3d 884
Supreme Court of Texas.

William J. HONE and Falk & Fish, L.L.P., Petitioners,
v.
Bernard M. HANAFIN, Respondent.

No. 02–0548. | May 1, 2003.

Plaintiffs brought action for fraudulent inducement against defendants. The trial court sustained defendant's special appearance. Plaintiffs appealed. The Dallas Court of Appeals dismissed appeal. Upon grant of review, the Supreme Court held that plaintiffs were not required to concede that their appeal was untimely to obtain extension of time for appeal

Reversed and remanded.

**Attorneys and Law Firms**

**\*885** Mark A. Ticer, Law Office of Mark Ticer, Dallas, for Petitioner.

Gerald C. Conley and Linda Richichi Stahl, Andrews & Kurth, L.L.P., Dallas, for Respondent.

**Opinion**

PER CURIAM.

In this case, we consider whether Texas Rule of Appellate Procedure 26.3 requires an appellant to concede that its notice of appeal was untimely in order to satisfy the rule's "reasonable-explanation" requirement.[1] The court of appeals held that, because Petitioners did not concede that their appeal was untimely, they did not satisfy Rule 26.3's requirement and therefore were not entitled to an implied extension under *Verburgt v. Dorner,* 959 S.W.2d 615 (Tex.1997). 105 S.W.3d 15. To satisfy Rule 26.3' s requirements, however, an appellant need not concede untimeliness. And, under *Verburgt,* an appellant's good faith belief that its appeal was timely is, under the circumstances described below, a reasonable explanation. Because this issue is dispositive, we do not consider whether Petitioners' request for findings of fact and conclusions of law, or their failure to receive notice of the trial court's order until after the time for filing their notice of appeal had passed, extended the appellate timetable in this accelerated appeal. Accordingly, without hearing oral argument, we grant the petition for review, reverse the

courts of appeals' judgment, and remand the case to that court for further proceedings. TEX.R.APP. P. 59.1.

William Hone and Falk & Fish, L.L.P. (Petitioners) sued Bernard Hanafin, and others, for fraudulent inducement and attorney's fees. Hanafin answered by special appearance. After a February 21 hearing, the trial court advised the parties that it would sustain Hanafin's special appearance. Ten days later, Petitioners requested findings of fact and conclusions of law. The trial court signed an order sustaining Hanafin's special appearance on May 9, and issued findings of fact and conclusions of law on May 17. Petitioners allege, however, that they did not receive notice of the trial court's May 9 order until May 31, when they received a faxed copy from Hanafin's counsel. The next day, Petitioners filed their notice of appeal, challenging the trial court's interlocutory order granting Hanafin's special appearance. Hanafin challenged the court of appeals' jurisdiction to consider the appeal, contending that, because Petitioners filed their notice of appeal twenty-two days after the trial court's May 9 order, they failed to perfect their appeal timely.

The court of appeals dismissed the appeal. The court recognized that, pursuant to Texas Rule of Appellate Procedure 26.3, an appellate court may extend the time to file a notice of appeal if, within fifteen days after the deadline for filing the appeal notice, the party files a notice of appeal in the trial court and a motion for extension **\*886** of time in the court of appeals. 105 S.W.3d 15. The court also acknowledged that, under this Court's decision in *Verburgt,* a motion for extension of time is implied when an appellant, acting in good faith, files an appeal notice within Rule 26.3' s fifteen-day period permitting an appellant to move to extend the filing deadline. *Id.* at 19.

The court of appeals concluded, however, that because Petitioners only provided explanations "for why their notice of appeal was *timely* filed," they failed to "offer any explanation for their *failure* to timely file their notice of appeal." *Id.* at 20 (emphasis in original). The court of appeals held that Petitioners failed to satisfy Rule 26.3's extension requirements and dismissed their appeal. *Id.* at 19. We granted review to determine whether the rule requires an appellant to admit untimeliness to merit an extension. 46 Tex. Sup.Ct. J. 619.

In an accelerated appeal, such as this, an appellant has twenty days after the trial court signs its order to file a notice of appeal. TEX.R.APP. P. 26.1(b); *see also* TEX. CIV. PRAC. & REM.CODE § 51.014(a)(7) (permitting interlocutory appeal of a district court's order granting or denying defendant's special appearance); TEX.R.APP. P. 28.1 ("An appeal from an interlocutory order ... will be accelerated."). Texas Rule of Appellate Procedure 26.3 provides:

The appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party:

(a) files in the trial court the notice of appeal; and

(b) files in the appellate court a motion complying with Rule 10.5(b).

TEX.R.APP. P. 26.3. Rule 10.5(b) requires an appellant to "reasonably explain" its need for an extension. TEX.R.APP. P. 10.5(b)(1)(C), (b)(2)(A).

Here, Petitioners filed their notice of appeal twenty-two days after the trial court signed its order sustaining Hanafin's special appearance. Because Petitioners filed their notice beyond the twenty-day time limit imposed by appellate Rule 26.1(b), but within the fifteen-day period in which they could have moved to extend the filing deadline under Rule 26.3, the court of appeals could have considered Petitioners' notice of appeal as an implied motion for extension of time to file a notice of appeal. *See Verburgt,* 959 S.W.2d at 617; *see also Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668, 669–70 (Tex.1989). Consequently, the question is whether Petitioners' contention regarding their request for findings of fact and conclusions of law constituted a reasonable explanation for filing their notice of appeal beyond the twenty-day deadline.

[1] We first considered the meaning of "reasonably explain" in *Meshwert v. Meshwert,* 549 S.W.2d 383, 383–84 (Tex.1977) (discussing Texas Rule of Civil Procedure 21c—Rule 26.3's predecessor). We held that a reasonable explanation is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Id.* at 384. In *Garcia v. Kastner Farms, Inc.,* we applied the *Meshwert* standard to all cases in which an appellant fails to file a notice of appeal timely. 774 S.W.2d at 669–70. We explained that, "[w]hile the definition of reasonable explanation is settled, the courts of appeals have not applied the definition consistently." *Id.* at 669–70 (comparing *Heritage Life Ins. Co. v. Heritage Group Holding Corp.,* 751 S.W.2d 229 (Tex.App.-Dallas 1988, writ denied) with *Home Ins. Co. v. Espinoza,* 644 S.W.2d 44 (Tex.App.-Corpus Christi 1982, writ ref'd n.r.e.)). We emphasized that, under the liberal **\*887** standard of review applied in these cases, "[a]ny conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance...." *Id.* at 670.

Here, the court of appeals rejected Petitioners' contention that their request for findings of facts and conclusion of law extended the appellate timetables.[2] 105 S.W.3d 15. Having disagreed with Petitioners' legal justification for filing their notice of appeal twenty-two days after the trial court's order, the court of appeals concluded that because Petitioners did not concede their failure to timely file their notice of appeal, they were not entitled to an extension under Rule 26.[3] The court of appeals did not, however, hold that Petitioners' late filing resulted from their intentional or deliberate noncompliance with the rule.

In *National Union Fire Insurance Co. v. Ninth Court of Appeals*, this Court implicitly rejected any requirement that an appellant admit its mistake in order to provide a reasonable explanation for its untimely filing. 864 S.W.2d 58, 60 (Tex.1993). There, the appellee contended that, because National Union's motion failed to contain a reasonable explanation for its late filing, National Union could not assert confusion about the law as a justification for not complying

with the rules. *Id.* at n. 5. In disapproving that approach, we stated:

> [W]e are unwilling to hold that a party confused about the law is prohibited from having such confusion serve as a reasonable explanation unless through a fleeting lucid moment or jurisprudential epiphany, the party suddenly realizes its mistake or confusion. Such a requirement would nearly eliminate "mistake" from those excuses which this court has repeatedly held suffice as reasonable explanation.

*Id.* Our reasoning in *National Union* applies equally in this case.

[2] [3] A court of appeals cannot require appellants to admit that their filings were untimely if they offer a plausible good faith justification for filing their notice of appeal when they did. *See id.* at 59–60; *see also Verburgt,* 959 S.W.2d at 616–17. Absent a finding that an appellant's conduct was deliberate or intentional, the court of appeals should ordinarily accept the appellant's explanations as reasonable. *Garcia,* 774 S.W.2d at 670.

Courts and scholars disagree about whether filing a request for findings of fact and conclusions of law extends the deadline for perfecting an appeal when the appeal is accelerated. *Compare, e.g., Hone v. Hanafin* 105 S.W.3d at 19 (holding request for findings and conclusions does not extend appellate deadline in accelerated appeals), *with* John Hill Cayce, Jr. et al., *Civil Appeals in Texas: Practicing Under the New Rules of Appellate Procedure,* **\*888** 49 BAYLOR L.REV. 867, 880 (1997) (stating request for findings and conclusions "should extend the time to perfect [an accelerated] appeal to ninety days"). The rule does not clearly state that such a request does not extend the time period within which to file a notice of appeal. *Cf.* TEX.R.APP. P. 28.1 ("Filing a motion for new trial will not extend the time to perfect the appeal."). Under these circumstances, we hold that Petitioners could have plausibly assumed that their request for findings of fact and conclusions of law would extend the time for filing a notice of appeal under Rule 26.1(a)(4). Hanafin does not address, nor do we, whether the trial court's findings of fact and conclusions of law "could properly be considered" by the court of appeals. *See* TEX.R.APP. P. 26.1(a)(4).

Based on the liberal standard established by this Court for considering untimely appeals, we hold that the court of appeals erred by imposing a requirement that Petitioners concede their appeal was untimely. Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and remand the case to that court for further proceedings. TEX.R.APP. P. 59.1.

**All Citations**

104 S.W.3d 884, 46 Tex. Sup. Ct. J. 619

## Footnotes

1   To receive an extension under Rule 26.3(b), an appellant must, among other things, file a motion complying with Rule 10.5(b). TEX.R.APP. P. 26.3(b). Rule 10.5(b) requires all motions for extension of time to file a notice of appeal to set forth "the facts relied on to reasonably explain the need for an extension." TEX.R.APP. P. 10.5(b)(1)(C), (b)(2)(A).

2   The court of appeals reasoned that Rule 26.1(a)(4) applies only to final judgments, as opposed to interlocutory orders. 105 S.W.3d 15 ("[T]he notice of appeal must be filed within ninety days after the *judgment* is signed if any party timely files ... a request for findings of fact and conclusions of law.") (emphasis in original) (quoting TEX.R.APP. P. 26.1(a)(4)). Because we do not reach Petitioners' second issue, we do not consider whether a request for findings of fact and conclusions of law extends the appellate timetable in an interlocutory appeal under Rule 26.1(b).

3   The court also rejected Petitioners' other arguments explaining that their notice of appeal was timely filed because: (i) the appellate record suggested May 17—the date the trial court entered its findings of fact and conclusions of law—was the date of final judgment, and (ii) they had twenty days from May 31—the date they first received notice of the trial court's May 9 order—to file their notice of appeal. 105 S.W.3d at 20.

**End of Document**                                                         © 2015 Thomson Reuters. No claim to original U.S. Government Works.