TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00512-CV

Edgar Rodriguez, Appellant

v.

Lynn O. Rodriguez, Appellee

**FROM THE DISTRICT COURT OF HAYS COUNTY, 428TH JUDICIAL DISTRICT
NO. 14-1600, HONORABLE BRENDA K. SMITH, JUDGE PRESIDING**

## O R D E R

PER CURIAM

On November 24, 2015, this Court ordered that appellant's deadline to pay for or make arrangements for the records was December 9, 2015, and that no further extensions would be granted. Appellant also was directed to submit a status report with this Court by that date regarding this appeal. Appellant filed a status report on December 9, 2015, and represented that he paid the costs for the clerk's record but that the court reporter needed more time. The clerk's record has now been filed with this Court, but the court reporter has advised this Court that she has not received payment from appellant for preparation of the reporter's record. Accordingly, this Court will consider the appeal without a reporter's record. See Tex. R. App. P. 37.3(c) (allowing, after notice and opportunity to cure, appellate court to decide only those issues that do not require a reporter's record when no reporter's record filed).

Also pending before this Court is appellee's motion to dismiss for lack of jurisdiction. Appellee argues that appellant's notice of appeal was untimely because the appeal is accelerated and the notice of appeal was not filed within 20 days after the judgment was signed. *See* Tex. R. App. P. 26.1(b) (setting deadline for perfecting accelerated appeal). The final decree of divorce was signed on July 10, 2015, appellant filed his notice of appeal on August 7, 2015, and termination of appellant's parental rights was an issue in the final decree of divorce. See Tex. Fam. Code § 109.002 ("An appeal in a suit in which termination of the parent-child relationship is in issue shall be given precedence over other civil cases and shall be accelerated by the appellate courts. The procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which the termination of the parent-child relationship is in issue.").

Because the issue of termination was at issue in the final decree of divorce, we agree with appellee that the appeal is accelerated. We, however, imply a motion for extension and conclude that the appeal was timely because it was filed within the fifteen-day extension period based on appellant's response to the motion to dismiss. See Tex. R. App. P. 26.3; Verburgt v. Dorner, 959 S.W.2d 615, 616–17 (Tex. 1997) (implying motion for extension when appellant files notice of appeal within fifteen-day extension period); see also Tex. R. App. P. 10.5(b) (requiring reasonable explanation for motions to extend time periods); Hone v. Hanafin, 104 S.W.3d 884, 887 (Tex. 2003) (allowing mistake of law to satisfy "reasonable explanation" requirement in appellate rule 26.3). Appellant responded to the motion to dismiss on the mistaken ground that the appeal was not accelerated and, therefore, that the notice was timely filed. See Tex. R. App. P. 26.1(a) (generally requiring notice of appeal to be filed within 30 days after judgment is signed). Thus, we deny appellee's motion to dismiss for lack of jurisdiction.

Further, because this appeal is accelerated, appellant is ordered to file his brief by February 12, 2016. See Tex. R. App. P. 38.6(a) (setting deadline for filing brief to be 20 days after records filed in accelerated appeal). If he fails to do so, this Court may dismiss this appeal for want of prosecution.

It is ordered January 22, 2016.

Before Justices Puryear, Goodwin, and Bourland