# NO. 12-18-00247-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHNNY M. STAFFORD,* *APPELLANT* | § | *APPEAL FROM THE 4TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *BOWLES ENERGY, INC., ET AL,* *APPELLEES* | § | *RUSK COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. The trial court's judgment or other appealable order was signed on August 13, 2018. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The record does not indicate that Appellant filed a motion for new trial, motion to modify, motion to reinstate, or request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). Thus, Appellant's notice of appeal was due on or before September 12. Appellant filed his notice of appeal on September 17, thus, it was untimely.

Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. On September 17, this Court notified Appellant that the information received in this appeal does not show the jurisdiction of this Court, i.e., there is no timely notice of appeal. *See* TEX. R. APP. P. 26.1, 37.1. However, Appellant was further notified that, pursuant to Rule 26.3 and ***Verburgt v. Dorner***, 959 S.W.2d 615 (Tex. 1997), we would imply a motion to extend time for filing the notice of appeal. We informed Appellant that Rule 26.3 requires a motion complying with Rule 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3(b). Thus, we notified Appellant that the appeal would be dismissed for want of jurisdiction unless on or before September 27, 2018, Appellant informed

this Court, in writing, of facts that reasonably explained his need for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 42.3.

On September 24, Appellant filed a "motion for leave of the court to extend filing deadlines," which did not comply with the service requirements of Texas Rule of Appellate Procedure 9.5 and gave no reasonable explanation supporting the need for an extension. *See* TEX. R. APP. P. 9.5; *see also* **Hone v. Hanafin**, 104 S.W.3d 884, 886 (Tex. 2003) ("reasonable explanation" constitutes any plausible statement of circumstances indicating failure to file within applicable time period was not deliberate or intentional, but the result of inadvertence, mistake, or mischance). Accordingly, because this Court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, the appeal is ***dismissed for want of jurisdiction***.[1] *See* TEX. R. APP. P. 42.3(a).

Opinion delivered October 10, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[1] We also note that on September 17, 2018, the clerk of this Court notified Appellant that the filing fee in this appeal is due. *See* TEX. R. APP. P. 5. Appellant was informed that failure to remit the filing fee on or before September 27 would result in the Court's taking appropriate action, including dismissal of the case without further notice. *See* TEX. R. APP. P. 42.3(c). The record indicates that Appellant has a July 2007 affidavit of indigency and an April 2007 pauper's oath on file, but no recent declaration as to indigency. Moreover, the date for remitting the filing fee has passed, and Appellant did not comply with the Court's request or otherwise respond to the September 17 notice.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 10, 2018**

**NO. 12-18-00247-CV**

**JOHNNY M. STAFFORD,**
Appellant
V.
**BOWLES ENERGY, INC., ET AL,**
Appellees

Appeal from the 4th District Court

of Rusk County, Texas (Tr.Ct.No. 2007-150)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*