

# Fourth Court of Appeals
## San Antonio, Texas

October 19, 2018

No. 04-18-00669-CV

Sandra Ann **ZARATE**,
Appellant

v.

Sergio Rene **ZARATE**,
Appellee

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 04-10-20415-MCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

## O R D E R

The clerk's record has been filed, and it raises two issues regarding our appellate jurisdiction. First, appellant's notice of appeal was due September 4, 2018, but was not filed until September 18, 2018. A motion for extension of time to file a notice of appeal is necessarily implied when an appellant, acting in good faith, files a notice of appeal within fifteen days of the date the notice is due. See Verburgt v. Dorner, 959 S.W.2d 615, 615 (1997). However, the appellant must offer a reasonable explanation for failing to timely file the notice of appeal. See id.; Tex. R. App. P. 10.5(b)(1)(C), 26.3; see Hone v. Hanafin, 104 S.W.3d 884, 886–87 (Tex. 2003) (holding "a reasonable explanation" is any plausible statement of circumstances indicating that failure to timely file was not deliberate or intentional, but was the result of inadvertence, mistake or mischance, and that "any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance").

Second, the clerk's record shows appellee sought to enforce a final decree of divorce through an order of contempt. The notice of appeal states appellant desires to appeal an order entered on June 4, 2018. The only June 4, 2018 orders are an order permitting counsel to withdraw, and an order titled "Contempt Order." The Contempt Order sets a hearing date for December 2017, which appears to be a typographical error, but states there will be a determination as to whether the appellant will be incarcerated and "no longer in contempt of court." "[T]o the extent that a trial court uses its contempt power, appellate courts lack appellate jurisdiction to review the trial court's action, though they may review the action in an original proceeding." In re Estate of Gibbons, 451 S.W.3d 115, 127 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

We therefore order appellant to file a response by **November 9, 2018** offering a reasonable explanation for failing to timely file the notice of appeal and to show cause why this appeal should not be dismissed for want of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. See Tex. R. App. P. 42.3(c). Appellant has the burden to request that the trial court clerk prepare a supplemental clerk's record containing all necessary pleadings and orders to establish this court's jurisdiction. Appellant must file a copy of any such request with this court.

All deadlines in this appeal are suspended until further order of the court.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of October, 2018.

KEITH E. HOTTLE,
Clerk of Court