**DISMISS and Opinion Filed December 23, 2019**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-01371-CV

**COREY STEELE, Appellant**
**V.**
**CRIMSON BUILDING COMPANY, LLC, KYLE HEGE, CARNEGIE HOLDING COMPANY, LLC D/B/A CHC DEVELOPMENT, RIAN MAGUIRE, AND RANDY PRIMROSE, Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-07661**

## MEMORANDUM OPINION
Before Justices Bridges, Whitehill, and Nowell
Opinion by Justice Whitehill

This appeal was filed November 7, 2019 and challenges the trial court's July 30, 2019 dismissal orders. Appellant timely filed a motion for new trial, making his notice of appeal due October 28, 2019 or, with an extension motion, November 12, 2019. *See* TEX. R. APP. P. 26.1(a), 26.3. Recognizing the notice of appeal was filed late but within the extension period, appellant included in the notice of appeal a motion for an extension of time. Appellant explains he did not file the notice of appeal by October 28th "in an effort to allow the trial court ample time to rule on [the] motion for new trial[.]" The motion for new trial was heard October 18, 2019.[1]

---

[1] At the hearing, the trial judge noted the motion for new trial had been overruled by operation of law, *see* TEX. R. CIV. P. 329b(c), and stated "the Court will leave it at that[.]"

The timely filing of a notice of appeal is jurisdictional. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g). To obtain an extension for filing a notice of appeal, the party appealing must offer a reasonable explanation for the delay in filing. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3(b). The Texas Supreme Court has defined a "reasonable explanation" as "[a]ny plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (per curiam) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)). "Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance[.]" *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989).

We have previously concluded that intentionally waiting for a trial court to hear a motion for new trial is not a reasonable explanation. *See Daniel v. Daniel*, 05-17-00469-CV, 2017 WL 2645432, at *1 (Tex. App.—Dallas June 20, 2017) (mem. op.); *Zhao v. Lone Star Engine Installation Ctr., Inc.*, No. 05-09-01055-CV, 2009 WL 3177578, at *2 (Tex. App.—Dallas Oct. 6, 2009, pet. denied) (per curiam) (mem. op.). Additionally, we note that the hearing on the motion for new trial in this case was held ten days before the deadline for filing the notice of appeal. Appellant offers no explanation for why he did not file the notice of appeal during that ten-day period.

We conclude appellant's failure to file the notice of appeal timely was not the result of inadvertence, mistake, or mischance. Accordingly, we deny the extension motion and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a); *Brashear,* 302 S.W.3d at 545.

/Bill Whitehill/
_____
BILL WHITEHILL
JUSTICE

191371F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

COREY STEELE, Appellant

No. 05-19-01371-CV          V.

CRIMSON BUILDING COMPANY, LLC,
KYLE HEGE, CARNEGIE HOLDING
COMPANY, LLC D/B/A CHC
DEVELOPMENT, RIAN MAGUIRE,
AND RANDY PRIMROSE, Appellees

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-19-07661.
Opinion delivered by Justice Whitehill,
Justices Bridges and Nowell participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

Judgment entered December 23, 2019