

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00760-CV

**IN THE INTEREST OF K. E. H.**, a Child

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 03-10-16641-CV
Honorable Kelley Kimble, Judge Presiding

PER CURIAM

Sitting:        Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: December 27, 2019

DISMISSED FOR LACK OF JURISDICTION

Brian Griffin seeks to appeal the trial court's September 18, 2019 order modifying Griffin's child support obligation. Griffin's notice of appeal was due October 18, 2019, thirty days after the order was signed, or a motion for extension of time to file the notice of appeal was due fifteen days later. *See* TEX. R. APP. P. 26.1, 26.3. Griffin mailed his notice of appeal to the trial court clerk, where it was received and filed stamped October 25, 2019. The envelope containing the notice of appeal bears a postmark date of October 22, 2019. A document filed by mail is timely only if it is deposited in the mail on or before the last day for filing. TEX. R. CIV. P. 5; TEX. R. APP. P. 9.2(b)(1)(C). Griffin did not file a motion for extension of time to file the notice of appeal.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace

period provided by rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal timely. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C).

On November 8, 2019, we ordered Griffin to file a response by December 2, 2019, offering a reasonable explanation for failing to file the notice of appeal timely. We advised Griffin that a "reasonable explanation" is any plausible statement of circumstances indicating that failure to timely file was not deliberate or intentional, but was the result of inadvertence, mistake or mischance. *See Hone v. Hanafin*, 104 S.W.3d 884, 886-87 (Tex. 2003). Our order also advised Griffin that if he failed to respond within the time provided, the appeal would be dismissed.

Griffin has not filed a response to our November 8, 2019 order. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM