

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00234-CV

Kyle **BRATTON**,
Appellant

v.

**HOLT TEXAS, LTD** d/b/a Holt CAT and d/b/a Sitech-Tejas,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI05583
Honorable Norma Gonzales, Judge Presiding

PER CURIAM

Sitting: Patricia O. Alvarez, Justice
    Luz Elena D. Chapa, Justice
    Irene Rios, Justice

Delivered and Filed: October 14, 2020

MOTION GRANTED; DISMISSED FOR WANT OF JURISDICTION

Appellant Kyle Bratton filed a notice of appeal on April 29, 2020, ninety-two days after the judgment was signed on January 28, 2020. *See* TEX. R. APP. P. 26.1(a).[1] Appellant did not file a motion for extension of time with his notice of appeal. *See* TEX. R. APP. P. 26.3. On August 17, 2020, we ordered Appellant to show cause why his appeal should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

---

[1] Because Appellant timely filed a motion to reconsider, his appeal was due to be perfected by April 27. *See* TEX. R. APP. P. 26.1(a).

In his response, Appellant explained why his notice of appeal was late, and we reinstated the appellate timetable.

The same day, Appellee filed a reply to Appellant's response and objected to the validity of Appellant's response. Appellee argued that Appellant's explanation that he was waiting to file his notice of appeal until after the trial court ruled on his motion for rehearing was not a reasonable explanation. *See* TEX. R. APP. P. 10.5(b); *Allen v. Hinze*, No. 02-13-00466-CV, 2014 WL 787867, *1–2 (Tex. App.—Fort Worth, Feb. 27, 2014, no pet.) (per curiam) (mem. op.) (quoting *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003)). Appellee moved this court to reconsider its decision, and we requested a response from Appellant.

In his September 21, 2020 response, Appellant argued that his confusion—related to schedule and rule changes for trial courts since the COVID-19 pandemic began—caused him to miss the deadline. *See, e.g.*, Twenty-First Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9091 (Tex. July 31, 2020). But in his August 27, 2020 response to our show cause order, Appellant stated he did not file his notice of appeal because "Counsel was waiting for the hearing and ruling on the Motion for Rehearing because, if granted, an appeal would not be necessary." And in his September 21, 2020 response, Appellant again acknowledged that "Counsel was waiting for the hearing to commence and knowing that a ruling on the Motion for Rehearing because, if granted, an appeal would not be necessary and would be entirely premature."

"An explanation that shows a conscious or strategic decision to wait to file a notice of appeal—such as waiting on the trial court to rule on a post-judgment motion—is not a reasonable explanation for an extension under appellate rule 26.3." *In re Marriage of Mendoza*, No. 07-19-00336-CV, 2019 WL 5539625, at *1 (Tex. App.—Amarillo Oct. 25, 2019, no pet.) (mem. op.); *accord Allen v. Hinze*, No. 02-13-00466-CV, 2014 WL 787867, at *2 (Tex. App.—Fort Worth

Feb. 27, 2014, no pet.) (mem. op.) (concluding the appellant's explanation was unreasonable because "her explanation suggest[ed] that she was aware of the deadline but consciously chose to ignore it"); *JJW Dev., LLC v. Strand Sys. Eng'g, Inc.*, No. 05-10-01359-CV, 2010 WL 4705824, at *1 (Tex. App.—Dallas Nov. 22, 2010, no pet.) (mem. op.) (concluding that the appellants' explanation was unreasonable because "appellants explain[ed] in their motion that they did not timely file their notice of appeal because they were awaiting the trial court's reconsideration of the dismissal"); *Green v. Cypress Fairbanks Med. Ctr. Hosp.*, No. 04-01-00434-CV, 2001 WL 1665106, at *1 (Tex. App.—San Antonio Dec. 31, 2001, no pet.) (mem. op.) (dismissing an appeal for want of jurisdiction because "Appellant intentionally chose to delay the filing of her notice of appeal until the trial court disposed of her motion for new trial [and thus her] choice was not a result of 'inadvertence, mistake, or mischance'").

Appellant's explanation that he decided to wait for the trial court's decision on his motion for rehearing before filing his notice of appeal is not a reasonable explanation. *See In re Marriage of Mendoza*, 2019 WL 5539625, at *1; *JJW Dev.*, 2010 WL 4705824, at *1. *See generally Hone*, 104 S.W.3d at 885 (recognizing that Rule 26.3 invokes Rule 10.5(b)'s reasonable explanation requirement). Thus, Appellant's notice of appeal was untimely, and we lack jurisdiction in this appeal. *See* TEX. R. APP. P. 26.3; *Verburgt*, 959 S.W.2d at 616.

We grant Appellee's motion to reconsider, and we dismiss this appeal for want of jurisdiction.

PER CURIAM