COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Elmer Lawrence Goode v. Geraldine Vargas Garcia

Appellate case number:     01-20-00143-CV

Trial court case number:   2017-25271

Trial court:               257th District Court of Harris County

The final divorce decree in this appeal was signed on September 3, 2019. Appellant Elmer Lawrence Goode filed a motion for new trial on September 30, 2019, and he filed a notice of appeal on December 16, 2019.

When a party timely files a motion for new trial, the notice of appeal must be filed within 90 days after the judgment is signed. TEX. R. APP. P. 26.1(a)(1). This Court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files (a) a notice of appeal in the trial court; and (b) a motion for extension of time complying with Rule 10.5(b) in the appellate court. TEX. R. APP. P. 26.3; *see* TEX. R. APP. P. 10.5(b). A motion to extend time to file a notice of appeal is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed for perfecting an appeal, but within the 15-day period in which the appellant would be entitled to move to extend the filing deadline. *Doe v. Brazoria Cty. Child Protective Servs.*, 226 S.W.3d 563, 570–71 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). However, even when a motion to extend time is implied in such a circumstance, the appellant must still provide a reasonable explanation for late filing the notice of appeal. *Doe*, 226 S.W.3d at 571; *see* TEX. R. APP. P. 10.5(b)(2)(A) (requiring motion to extend time to file notice of appeal to state facts relied on to reasonably explain need for extension). A reasonable explanation is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Doe*, 226 S.W.3d at 571 (quoting *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (per curiam)).

Here, appellant did not file a notice of appeal within 90 days after the judgment was signed, but he filed his notice of appeal within 15 days of the 90-day deadline. *See* TEX. R.

APP. P. 26.1(a)(1), 26.3(a). Thus, a motion to extend time to file a notice of appeal was necessarily implied if appellant acted in good faith by late filing the notice. *See Doe*, 226 S.W.3d at 570–71. Appellant did not, however, file a motion for extension of time to file a notice of appeal in this Court as required by Rule 26.3(b), and appellant has not otherwise provided any explanation for late filing the notice of appeal. *See* TEX. R. APP. P. 26.3(b); *Doe*, 226 S.W.3d at 571.

Accordingly, the Court **orders** appellant to file a reasonable explanation for late filing the notice of appeal with the Clerk of this Court **no later than October 1, 2021**. *See Doe*, 226 S.W.3d at 571; *see* TEX. R. APP. P. 10.5(b)(2)(A). Failure to comply with this order may result in dismissal of this appeal for want of jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1(a), 42.3(a), (c).

It is so ORDERED.


Judge's signature:  /s/  April L. Farris
             ☑ Acting individually    ☐ Acting for the Court


Date:  September 21, 2021