

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00308-CV

_____

IN THE INTEREST OF J.C., A CHILD

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-659873-19

---

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant attempts to appeal from a default judgment signed on June 21, 2021. Appellant timely filed a motion for new trial, which extended the appellate deadline to September 20, 2021. *See* Tex. R. App. P. 26.1(a); Tex. R. Civ. P. 4. Appellant did not file his notice of appeal until September 27, 2021, making it untimely.

A timely notice of appeal confers jurisdiction on this court, and absent a timely notice of appeal, we must dismiss the appeal. *Howlett v. Tarrant Cnty.*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied) (op. on reh'g); *see* Tex. R. App. P. 25.1(b). The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline, the party files in the trial court the notice of appeal and files in the appellate court a motion for extension that complies with Rule 10.5(b). Tex. R. App. P. 26.3. A motion for extension is implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within Rule 26.3's fifteen-day grace period for filing a motion for extension of time. *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003). If the notice of appeal is filed within the fifteen-day grace period, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.* The question, then, is whether appellant offered a reasonable explanation, which is any plausible statement of circumstances indicating that his failure to file within the specified period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *See Houser v.*

*McElveen*, 243 S.W.3d 646, 647 (Tex. 2008). Under this liberal standard,[1] Texas courts have granted extensions where the proffered explanation was a misunderstanding of applicable appellate rules, an improperly calendared deadline, a miscommunication between counsel and clients, and an accidental designation of the wrong court of appeals. *Amegy Bank of Tex., N.A. v. Titan Servs., LLC*, No. 2-09-420-CV, 2010 WL 87095, at *1 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (per curiam) (mem. op.).

But Texas courts have rejected explanations that show a conscious or strategic decision to wait to file a notice of appeal. *Golden v. Energy & Expl. Partners, LLC*, No. 02-12-00493-CV, 2013 WL 173748, at *1 (Tex. App.—Fort Worth Jan. 17, 2013, no pet.) (per curiam) (mem. op.). Thus, we have refused to grant extensions when the appellant's explanation showed that he "consciously ignored the deadline in favor of deliberately evaluating whether to file an appeal." *Amegy Bank*, 2010 WL 87095, at *1.

That is the case here. Appellant stated that he delayed filing his notice of appeal because he was deliberating whether to appeal and incur the appellate attorney's fees that the trial court assessed against him. "Appellant had to make sure he could prevail on appeal," he wrote. He also stated that he delayed in order to give the trial court more time to reconsider its judgment against him and to limit the risk that the trial court would assess additional sums against him; as he put it, "it was best to wait."

---

[1] *See Allen v. Hinze*, No. 02-13-00466-CV, 2014 WL 787867, at *1 (Tex. App.—Fort Worth Feb. 27, 2014, no pet.) (per curiam) (mem. op.).

Appellant consciously delayed filing his notice in order to evaluate whether an appeal was worth the cost and to reap perceived strategic benefits. *See id.* Because appellant's notice of appeal was untimely and because he did not provide a reasonable explanation, we dismiss his appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Raym v. Tupelo Mgmt., LLC*, No. 02-20-00284-CV, 2020 WL 6929873, at *2 (Tex. App.—Fort Worth Nov. 25, 2020, no pet.) (mem. op.).

Per Curiam

Delivered: November 18, 2021