

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-21-00374-CV

**IN THE INTEREST OF M.A. III**, J.E.A., F.E.A., F.A.A., R.L., Jr., and B.J.L.

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-02352
Honorable Peter A. Sakai, Judge Presiding

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
           Patricia O. Alvarez, Justice
           Luz Elena D. Chapa, Justice

Delivered and Filed: December 1, 2021

DISMISSED FOR LACK OF JURISDICTION

On August 4, 2021, the trial court signed a final judgment terminating appellant's parental rights to her children. Because this is an accelerated appeal, the notice of appeal was due to be filed on August 24, 2021. *See* TEX. R. APP. P. 4.1(a), 26.1(b), 28.4. A motion for extension of time to file the notice of appeal was due to be filed on September 8, 2021. *See id.* R. 26.3. On September 1, 2021, appellant filed her notice of appeal. Although appellant filed a notice of appeal within the fifteen-day grace period allowed by Rule 26.3, she did not file a motion for extension of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*,

959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C); *see also Hone v. Hanafin*, 104 S.W.3d 884, 886–87 (Tex. 2003) (holding "a reasonable explanation" is any plausible statement of circumstances indicating that failure to timely file was not deliberate or intentional but was the result of inadvertence, mistake or mischance, and that "any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance") (citation omitted). This court ordered appellant to show cause in writing by September 24, 2021, why this appeal should not be dismissed for lack of jurisdiction. We advised appellant that failure to respond timely would result in dismissal of this appeal. *See* TEX. R. APP. P. 42.3(c). Additionally, on October 8, 2021, and on October 25, 2021, a deputy clerk of this court contacted the office of appellant's counsel and advised of our show-cause order. Appellant did not file a response.

Accordingly, because appellant did not provide a reasonable explanation for failure to file a timely notice of appeal, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 26.3, 10.5(b)(1)(C), 42.3(b), (c); *Verburgt*, 959 S.W.2d at 615.

PER CURIAM