**CONCUR and Opinion Filed April 21, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00185-CV

## IN THE INTEREST OF D.M., A MINOR CHILD

### On Appeal from the 255th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DF-19-03631

## CONCURRING OPINION FROM ORDER REINSTATING APPEAL
Concurring Opinion by Justice Goldstein

On the Court's own motion, the majority vacated our opinion and judgment of May 21, 2021 and reinstated this appeal, without explanation.[1] After reviewing the motion to reconsider *en banc*, the response, and the reply, I reluctantly concur.

While the motion for reconsideration provided a basis for a majority of the panel to reconsider its position, under the current state of jurisprudence, the pattern and practice of the legal profession to seek forgiveness rather than permission is one that cannot stand without comment and caution for which I write separately.[2]

---

[1]  The panel dismissed the appeal for lack of jurisdiction after denying appellants' motion for extension of time to file their notice of appeal. While the motion was filed within the fifteen-day extension period provided by appellate rule 26.3, the panel denied the motion and dismissed the appeal concluding appellants failed to offer a reasonable explanation for the delay in filing.

[2]  This opinion is not solely directed at the lawyers in this case but to the profession at large to draw attention to a disturbing trend.

The requisite notice of appeal is not labor intensive, extensive, or in-depth. In fact, its simplicity is in its brevity. In this case, the notice of appeal was filed with the motion for extension of time and merely provides:

> TO THE CLERK OF THE COURT:
>
> COME NOW, Respondents [H.M.] and [M.M.], and gives this Notice of Appeal pursuant to Tex. Civ. Prac. & Rem. Code § 51.012 from this Court's Final Judgment dated December 15, 2020.
>
> This Appeal is taken to the Court of Appeals for the Fifth District of Texas at Dallas.

It is an incredible waste of judicial resources to address the untimeliness of what is essentially a rote, perfunctory notice. The requisites of a notice of appeal are nominal compared to the drafting of a motion for extension of time, which in turn requires this Court to consider a myriad of excuses to determine whether the motion's rationale meets the generous latitude mandated by the Texas Supreme Court. Moreover, if the motion is denied, that denial generates even more filings, excuses, responses, and replies.[3] Practice Tip: if you file a timely motion for new trial, a two-sentence notice of appeal should follow shortly thereafter.

We originally concluded that the facts recited did not constitute a "reasonable explanation."[4] While appellants on subsequent detailed motions use trigger

---

[3] By way of illustration, appellants filed a sixty-one-page motion for en banc reconsideration, the substantive text of which is seventeen pages, to which we received a fifteen-page response and a ten-page reply.

[4] The majority's detailed opinion dismissing this case is longer than the motion seeking the extension.

terminology[5], they fail to provide a reasonable explanation for the delay between the date they became aware of the decree and filed the motion for new trial (January 14) and the deadline to file a two-sentence notice of appeal (March 15). While the record shows a flurry of post-judgment filings after the filing of the motion for new trial, none of these extended the appellate deadlines.

We have repeatedly held that delay caused by waiting for the trial court to rule on a post-judgment motion or for the trial court's plenary power to expire is unreasonable as it reflects an awareness of the deadline for filing a notice of appeal but a conscious decision to ignore it. *See*, *e.g.*, *Daoudi v. Klalib*, No. 05-21-00145-CV, 2021 WL 1660644, at *1 (Tex. App.—Dallas Apr. 28, 2021, no pet.) (mem. op.); *Zhao v. Lone Star Engine Installation Ctr., Inc.*, No. 05-09-01055-CV, 2009 WL 3177578, at *1–2 (Tex. App.—Dallas Oct. 6, 2009, pet. denied) (mem. op) (per curiam). Appellants' arguments demonstrate a conscious disregard of the deadline and a deliberate decision to wait on post-judgment rulings.

We are obligated by rule and mandate to reach the merits of each appeal and, wherever possible, not to dispose of matters before us due to procedural irregularities. *See St. Johns Missionary Baptist Church v. Flakes*, 595 S.W.3d 211,

---

[5] Appellants assert miscalculation or mis-calendaring due to: 1) "procedural quagmire in the trial court, the delay and contesting of trial court's orders, and the resulting difficulty in confirming post-judgment deadlines, which includes the notice of appeal date;" 2) the uncertainty regarding the trial court's signing of the order and failing to include the date the parties received notice of final judgment "compounded the confusion and miscalculation of trial and appellate deadlines;" and 3) the "procedural history surrounding the final judgment was a complete and utter mess."

–3–

215 (Tex. 2020); s*ee also Verburgt v Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). In a generous reading of *Verburgt* and its progeny, we must grant additional time unless there is an affirmative indication to deny the relief. A "reasonable explanation" is "any plausible statement of circumstances" indicating the failure was "not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone v Hanafin* 104 S.W.3d 884, 886 (Tex. 2003) (per curiam). In other words, almost any excuse suffices, except an admission that the deadline was disregarded intentionally or deliberately. *See Calce v. Dorado Expl., Inc.*, 309 S.W.3d 719, 730 (Tex. App.—Dallas 2010, no pet.).

As with most less-than-bright-line tests, undesirable results occur. The assumption that extensions are routinely granted or the expectation that this Court will request a "more thorough explanation which seems to be standard practice in this Court when appellate jurisdiction is in question" has had the unfortunate consequence of promoting numerous, perfunctory filings, based upon the expectation that there will be a second chance to seek forgiveness for not adequately requesting permission, resulting in a two-tier review of a barrage of motions, responses, and replies that does nothing more than add to the burden of an already bogged down judicial system.

A timely notice of appeal is a jurisdictional prerequisite to be heard that is created by rule, not by constitution. Merits-based appeals matter, as does respecting important jurisdictional deadlines.

For the reasons set forth above, I write separately to encourage parties to seek permission in a meaningful way and to avoid asking for forgiveness.


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210185HC.P05