

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00531-CV

**IN THE INTEREST OF I.M.**, a Child

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2021PA00828
Honorable Charles E. Montemayor, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed: October 19, 2022

DISMISSED FOR LACK OF JURISDICTION

On March 22, 2022, the trial court signed a final judgment terminating appellant's parental rights to her child. Because this is an accelerated appeal, the notice of appeal was due to be filed on April 11, 2022. *See* TEX. R. APP. P. 4.1(a), 26.1(b), 28.4. A motion for extension of time to file the notice of appeal was due to be filed on April 26, 2022. *See id.* R. 26.3. On August 19, 2022, appellant filed a defective notice of appeal.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See*

*id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C); *see also Hone v. Hanafin*, 104 S.W.3d 884, 886–87 (Tex. 2003) (holding "a reasonable explanation" is any plausible statement of circumstances indicating that failure to timely file was not deliberate or intentional but was the result of inadvertence, mistake or mischance, and that "any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance") (citation omitted). This court ordered appellant to show cause in writing by October 3, 2022, why this appeal should not be dismissed for lack of jurisdiction. We advised appellant that failure to respond timely would result in dismissal of this appeal. *See* TEX. R. APP. P. 42.3(c). Appellant did not file a response.

Accordingly, because appellant did not provide a reasonable explanation for failure to file a timely notice of appeal, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 26.3, 10.5(b)(1)(C), 42.3(b), (c); *Verburgt*, 959 S.W.2d at 615.

PER CURIAM