

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00874-CV

Willie **BURLESON**,
Appellant

v.

Lula **SCHULER**, Portia Vidrine, William C. Burleson, Shirley Miller,
Appellees

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 20-1102-CV-A
Honorable William D. Old III, Judge Presiding

PER CURIAM

Sitting:       Rebeca C. Martinez, Chief Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: December 20, 2023

DISMISSED FOR LACK OF JURISDICTION

The trial court signed a final judgment on August 22, 2023. The notice of appeal was due on September 21, 2023. *See* TEX. R. APP. P. 4.1, 26.1. A motion for extension of time to file the notice of appeal was due on October 6, 2023. *See id.* R. 26.3. Although appellant filed a notice of appeal on September 27, 2023, within the fifteen-day grace period allowed by Rule 26.3, he did not file a motion for extension of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace

period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C); *see also Hone v. Hanafin*, 104 S.W.3d 884, 886–87 (Tex. 2003) (holding "a reasonable explanation" is any plausible statement of circumstances indicating that failure to timely file was not deliberate or intentional but was the result of inadvertence, mistake or mischance, and that "any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance") (citation omitted). This court ordered appellant to show cause in writing by November 20, 2023, why this appeal should not be dismissed for lack of jurisdiction. We advised appellant that failure to respond timely would result in dismissal of this appeal. *See* TEX. R. APP. P. 42.3(c). Appellant has not responded to date.

Accordingly, because appellant did not provide a reasonable explanation for failure to file a timely notice of appeal, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 26.3, 10.5(b)(1)(C), 42.3(b), (c); *Verburgt*, 959 S.W.2d at 615.

PER CURIAM