**DISMISS and Opinion Filed May 3, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00085-CV

**MICAH STEPHENE BOYLE, Appellant**
**V.**
**ELLEN BOYLE DUNCAN, CHARLES A. DUNCAN AND PAT BOYLE,**
**Appellees**

**On Appeal from the 57th District Court**
**Bexar County, Texas**
**Trial Court Cause No. 2020CI02365**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Reichek

This appeal challenges the trial court's September 28, 2023 final judgment.[1]

Because a timely motion for new trial was filed, the notice of appeal was due no later than December 27, 2023, or with an extension motion, no later than January 11, 2024. *See* TEX. R. APP. P. 26.1(a), 26.3. The notice of appeal was filed January 8, 2024, within the extension period, but without an extension motion.

---

[1] Pursuant to its docket equalization authority, the Texas Supreme Court transferred the appeal from the Fourth Court of Appeals District, San Antonio, Texas, to this Court. *See* TEX. GOV'T CODE ANN. § 73.001.

At our direction, appellant filed an extension motion. *See Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (per curiam) (extension motion implied in notice of appeal filed within extension period). Appellant explains in the motion that she filed the notice of appeal late "based on the decision by the trial court to hold an actual hearing" on the new trial motion on December 20, 2023, which was after the motion had been overruled by operation of law.

To obtain an extension for filing a notice of appeal, the party appealing must offer a reasonable explanation for the delay in filing. *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3(b). The Texas Supreme Court has defined a "reasonable explanation" as "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Hone*, 104 S.W.3d at 886 (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)). "Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance[.]" *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989).

As asserted by appellee Ellen Boyle Duncan in her response, waiting for a trial court to hear a motion for new trial is not a reasonable explanation. *See Griego v. Griego*, No. 04-24-00173-CV. 2024 WL 1643711, at *1 (Tex. App.—San Antonio Apr. 17, 2024, no pet. h.) (per curiam) (mem. op.); *N. Cent. Baptist Hosp. v. Chavez*, No. 04-20-00590-CV, 2021 WL 983351, at *1 (Tex. App.—San Antonio Mar. 17, 2021, no pet.) (mem. op.); *Daniel v. Daniel*, 05-17-00469-CV, 2017 WL 2645432,

at *1 (Tex. App.—Dallas June 20, 2017, no pet.) (mem. op.).  Accordingly, we deny the extension motion and dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of a notice of appeal is jurisdictional).

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

240085F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICAH STEPHENE BOYLE,
Appellant

No. 05-24-00085-CV      V.

ELLEN BOYLE DUNCAN,
CHARLES A. DUNCAN AND
PAT BOYLE, Appellees

On Appeal from the 57th District
Court, Bexar County, Texas
Trial Court Cause No. 2020CI02365.
Opinion delivered by Justice
Reichek, Justices Goldstein and
Garcia participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellees Ellen Boyle Duncan, Charles A. Duncan and Pat Boyle recover their costs, if any, of this appeal from appellant Micah Stephene Boyle.

Judgment entered May 3, 2024