

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00139-CV

———————————————————

L REY, LLC AND VICTORIA REYES, Appellants

V.

UNITED RENTALS (NORTH AMERICA), INC., Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2023-002306-1

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellants L Rey, LLC and Victoria Reyes attempt to appeal from the trial court's summary judgment order, but they filed their notice of appeal too late.

"[T]he time for filing a notice of appeal is jurisdictional in this court, and absent a timely[ ]filed notice of appeal or timely[ ]filed motion for extension, we must dismiss the appeal." *Manning v. Funimation*, No. 02-22-00145-CV, 2022 WL 1573486, at *1 (Tex. App.—Fort Worth May 19, 2022, no pet.) (mem. op.); *see* Tex. R. App. P. 25.1(b); *Lewis v. City of Fort Worth*, No. 02-22-00411-CV, 2022 WL 17037420, at *1 (Tex. App.—Fort Worth Nov. 17, 2022, no pet.) (mem. op.). Generally, a notice of appeal must be filed within 30 days after the judgment is signed absent a qualifying postjudgment motion that extends the deadline. Tex. R. App. P. 26.1. Here, the trial court signed the final summary judgment on February 14, 2024, and no qualifying postjudgment motion was filed, so Appellants' notice of appeal was due 30 days later, by March 15, 2024. *See id.* Appellants did not file their notice until March 18, 2024—three days too late.

However, the March 15 deadline could have been extended. An appellate court can grant a retroactive extension if (1) the notice of appeal is filed within 15 days after the deadline and (2) the appellants provide a reasonable explanation for the notice's untimeliness. *See* Tex. R. App. P. 10.5(b)(1)(C), (2)(A), 26.3. Because Appellants filed their notice of appeal within this 15-day grace period, we construed Appellants' notice as an implied request for an extension, and we asked them to provide a reasonable

explanation for their untimeliness. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *see also Hone v. Hanafin*, 104 S.W.3d 884, 886–87 (Tex. 2003) (discussing what constitutes a reasonable explanation and explaining that, if the appellants "offer a plausible good faith justification for filing their notice of appeal when they did," then absent intentional misconduct, the explanation is reasonable).  In the same letter, we warned Appellants that, unless they or any other party provided such an explanation within 10 days, we could dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 44.3.

More than 10 days have passed, but Appellants have not provided an explanation for their untimeliness.  Indeed, they have not responded to our letter at all.  Consequently, we deny their implied motion for an extension, and the notice of appeal remains untimely.

Because Appellants' notice of appeal is untimely, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  May 9, 2024