

## Fourth Court of Appeals
### San Antonio, Texas

### DISSENTING OPINION

No. 04-20-00407-CV

Marian **HADDAD**,
Appellant

v.

**TRI-COUNTY A/C & HEATING, LLC**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 16-0908-CV
Honorable Gary L. Steel, Judge Presiding

### OPINION DISSENTING TO DENIAL OF MOTION FOR EN BANC RECONSIDERATION

Dissenting Opinion by: Patricia O. Alvarez, Justice, joined by Luz Elena D. Chapa, Justice

Sitting en banc:  Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice
Beth Watkins, Justice
Liza Rodriguez, Justice

Delivered and Filed: December 30, 2020

Under Emergency Order 1, and its successive orders with the same language, this court has the authority to "modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order," including the deadline to file a notice of appeal. For the reasons given below, I would grant the motion for en banc reconsideration. Because the majority does not, I respectfully dissent from the order denying the motion for en banc reconsideration.

## BACKGROUND

In the underlying case, the trial court signed a final judgment on April 17, 2020. Haddad timely filed a motion for new trial, and her notice of appeal was due on July 16, 2020. *See* TEX. R. APP. P. 26.1(a). A motion for extension of time to file a notice of appeal was due on July 31, 2020. *See* TEX. R. APP. P. 26.3. Haddad filed her notice of appeal on August 12, 2020.

The panel advised Haddad that her notice of appeal was filed well after the last day to timely file a notice of appeal with an extension, and it ordered Haddad to show cause in writing why this appeal should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Haddad's timely response explained her notice of appeal was late because she miscalculated the deadline, in part because of the work-at-home effects of the COVID-19 pandemic, and her "inadvertent mistake constitutes a 'reasonable explanation' [for her] failure to file within the deadline."

In the panel's September 30, 2020 opinion, it noted that the Supreme Court of Texas extended some deadlines in civil cases, but its Twenty-First Emergency Order (EO 21) expressly excluded "deadlines for perfecting appeal." *See* Twenty-First Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9091 (Tex. July 31, 2020); *Satterthwaite v. First Bank*, No. 02-20-00182-CV, 2020 WL 4359400, at *1 (Tex. App.—Fort Worth July 30, 2020, no pet.) (mem. op.). The panel's opinion was consistent with a sister court's opinion and the jurisdictional nature of a timely notice of appeal. *See* TEX. R. APP. P. 2; *Satterthwaite*, 2020 WL 4359400, at *1.

**MOTION, RESPONSE**

**A.      Appellant's Motion for En Banc Reconsideration**

In her motion for en banc reconsideration, Haddad restates her previous argument. In implementing the COVID-19 pandemic safety measures, her appellate counsel's staff began working from home. This disrupted their normal calendaring practices, caused them to make a "mistake in calculating the deadline to perfect her appeal," and thus her notice of appeal was filed after the applicable deadline. Haddad asserts her calendaring mistake is a reasonable explanation for her late notice of appeal, and she asks this court to apply EO 21's guidance to generously grant her request to reinstate her appeal.

**B.      Appellee's Response**

In its response, Appellee Tri-County A/C & Heating, LLC argues Haddad's motion should be denied for three reasons. First, Haddad did not explain why her motion for en banc reconsideration was untimely. Second, Haddad has not shown en banc reconsideration is necessary for uniformity of the court's decisions or for extraordinary circumstances. And third, Haddad's untimely notice of appeal deprived this court of subject matter jurisdiction.

I address the parties' arguments and the reasoning in the panel's September 30, 2020 opinion, beginning with the opinion.

**DISCUSSION**

**A.      Previous Opinion**

In the panel's September 30, 2020 opinion, it focused on EO 21's plain language that states it "[did] not extend deadlines for perfecting appeal or for other appellate proceedings." Like some sister courts, the panel construed that language to mean this court lacked authority to "alter the time for perfecting an appeal in a civil case." *See* TEX. R. APP. P. 2; *Cantu v. Trevino*, No. 13-20-

00299-CV, 2020 WL 6073267, at *5 (Tex. App.—Corpus Christi Sept. 24, 2020, no pet.) ("[T]he supreme court's emergency orders tolling deadlines explicitly do not apply to deadlines for perfecting appeal."); *Satterthwaite*, 2020 WL 4359400, at *1 n.1 (same).

## B.      Broad Discretion

Having reviewed EO 21 in the context of the supreme court's other emergency orders, I now draw a different conclusion. To begin, in EO 1, the supreme court granted all courts, including courts of appeals, broad discretion to change previously established deadlines and procedures:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal . . . **[m]odify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order**, for a stated period ending no later than thirty days after the Governor's state of disaster has been lifted . . . .

First Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9042 (Tex. Mar. 13, 2020) (emphasis added).

In six subsequent orders, i.e., 12, 17, 18, 22, 26, 29, the supreme court has either renewed or repeated the same broad, authorizing language:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal . . . **modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order**, for a stated period ending no later than September 30, 2020 . . . .

*E.g.*, Twenty-Second Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9095 (Tex. Aug. 6, 2020) (emphasis added).

## C.      Reexamining EO 21

With the supreme court's broad authorizing language in mind, I reexamine the relevant, operative language in EO 21:

> 3. Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and September 1, 2020, is extended until September 15, 2020. This does not include deadlines for perfecting appeal or for other appellate proceedings, requests for relief from which should be directed to the court involved and should be generously granted.

Twenty-First Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9091 (Tex. July 31, 2020).

The first sentence grants an <u>automatic</u> extension of the filing and service deadlines; no action by the party is required, and the deadlines are extended without a party's request. The second sentence merely notes the "deadlines for perfecting appeal or for other appellate proceedings" are not included in the automatic extension; instead, parties must request relief from the court and the requested relief "should be generously granted."

Contrary to the panel's original view, I now conclude that the second sentence merely excludes deadlines for perfecting appeals from an <u>automatic</u> extension of time; it does not expressly or impliedly restrict courts' authority to "modify or suspend any and all deadlines and procedures."

### D.     Authority to Extend Deadline to Perfect Appeal

Under EO 29 and its predecessors, the supreme court expressly authorizes courts to "modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order." *See, e.g.*, Twenty-Ninth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9135 (Tex. Nov. 11, 2020). One rule courts may modify or suspend is Rule 26.1, which sets the deadline for the time to perfect an appeal in a civil case. *See* TEX. R. APP. P. 26.1. Courts of appeal may also modify or suspend Rule 2's prohibition against "alter[ing] the time for perfecting an appeal in a civil case." *See* TEX. R. APP. P. 2. Thus, under the supreme court's authority temporarily granted to all courts, I conclude this court may extend the time to file a notice of appeal. *See, e.g.*, Twenty-Ninth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9135 (Tex. Nov. 11, 2020).

## E.     Discretionary Authority to Grant Extension

Under EO 29 and its predecessors, all courts "*may . . .* modify or suspend any and all deadlines and procedures." *See id.* (emphasis added). The emergency order's plain language makes the grant of authority permissive or discretionary. *See* TEX. GOV'T CODE ANN. § 311.016 ("'May' creates discretionary authority or grants permission or a power."); *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 391 (Tex. 2020).

In exercising that discretion, the court considers established precedent which allows negligence as a reasonable explanation. *See Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (noting that "a reasonable explanation is 'any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance'").

Further, EO 21 and its siblings state requests for relief "should be generously granted." *See, e.g.*, Twenty-First Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9091 (Tex. July 31, 2020). Using "should" indicates a propriety or an encouraged action, and "generously granted" suggests an even more liberal standard for matters affected by the COVID-19 pandemic.

Given the supreme court's guidance that courts should generously grant requested relief, and exercising discretion in light of the relevant circumstances, I would grant Haddad's motion for extension of time to file her motion for en banc reconsideration and deem her motion for en banc reconsideration timely filed.

## F.     Grounds for En Banc Consideration

I recognize "[e]n banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary

circumstances require en banc consideration." TEX. R. APP. P. 41.2; *see Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 708 n.1 (Tex. 2003) (per curiam). But in this case, both uniformity and extraordinary circumstances are at issue.

This court is faced with late notices of appeal in other cases, and it could use en banc reconsideration to decide the question to ensure uniformity of its decisions. *See* TEX. R. APP. P. 41.2, 49.7; *City of San Antonio v. Hartman*, 201 S.W.3d 667, 671 (Tex. 2006) (recognizing that a court may order en banc consideration even without a motion).

Further, although miscalculating a date is typically not an extraordinary circumstance, the COVID-19 pandemic that caused the miscalculation here is unquestionably an extraordinary circumstance. *See, e.g.*, First Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9042 (Tex. Mar. 13, 2020).

I conclude en banc reconsideration is warranted under these circumstances.

### CONCLUSION

The supreme court has temporarily authorized all courts to "modify or suspend any and all deadlines and procedures," and I conclude this court may modify or suspend Rule 2 and Rule 26.1 to extend the time to perfect an appeal. I would exercise that discretionary authority to grant Haddad's motion for extension of time to file a motion for en banc reconsideration. I would also grant her motion for en banc reconsideration, withdraw the panel's September 30, 2020 opinion and judgment, and direct the clerk of this court to reinstate this appeal on the court's docket.

Because the court decides otherwise, I respectfully dissent.

Patricia O. Alvarez, Justice